UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>CLASS ACTION COMPLAINT</u>

LEVI HUEBNER
on behalf of himself and all other similarly
situated consumers,

<em>Plaintiff,</em>

- Against -

NISSAN SHAPIRO LAW P.C.

<em>Defendant.</em>

Plaintiff, Levi Huebner, by his attorney Lawrence Katz, sues Nissan Shapiro Law

P.C. concerning violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

("FDCPA") and states:

<strong><u>PARTIES and JURISDICTION</u></strong>

1.      Plaintiff is domiciled in Brooklyn, New York.

2.      Plaintiff is a consumer as defined by Section 1692(a)(3) of the FDCPA, in that the

alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

3.      Upon information and belief, Defendant's principal place of business is located in

Brooklyn, New York.

4.      Defendant is regularly engaged, for profit, in the collection of debts allegedly

owed by consumers.

5.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

6.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331.

Page 1

7.      All relevant acts giving rise to this action occurred in this district.

## FACTS PARTICULAR TO LEVI HUEBNER

8.      Upon information and belief, on a date better known by Defendant, Defendant

began to attempt to collect an alleged consumer debt from the Plaintiff.

9.      Plaintiff Levi Huebner leases the premises located at 580 Crown Street, Apt. 701

Brooklyn, New York 11213.

10.     The lease is memorialized in a written and executed lease between the Plaintiff

and the Landlord who goes by the name "Yuda Silverstein".

11.     On or about October 10, 2018, Defendant sent the Plaintiff a "Three-Day-Notice"

threatening eviction for non-payment of an alleged debt.

### *First Violation*

12.     The Three-Day-Notice demanded: "Legal Fees: $200.00."

13.     The Defendant's demand for legal fees without basis violates the FDCPA.[1]

14.     15 U.S.C. § 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2)(B) [A]ny services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

15.     15 U.S.C. §§ 1692f of the FDCPA states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

---

[1] "Without a basis under New York law or an agreement between the parties, appellees' demand for attorneys' fees constitutes an attempt to collect a 'fee, charge, or expense incidental to the principle obligation' that is not 'expressly authorized by the agreement creating the debt or permitted by law." *DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.,* 619 F. App'x 7, 10–11 (2d Cir. 2015).

> (1) [T]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

16. Defendant violated the FDCPA by seeking legal fees when such fees were not authorized by an agreement.

17. In addition, no authority under New York law allows for the award of attorneys' fees to a landlord without a basis under New York law or an agreement between the parties.

18. The Defendant's demand for legal fees constitutes an attempt to collect a "fee, charge, or expense incidental to the principle obligation" that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

19. As an actual and proximate result of the acts and omissions of the Defendant and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

20. Defendant is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), (B), 1692e(5), (10), 1692f and (1).

### *Second Violation*

21. The validation notice of Defendant's collection letter sets a timeline below the validation notice required pursuant to 15 U.S.C.A. § 1692g, the Defendant included the following statement:

22. "However, nothing contained in this paragraph will prevent the undersigned landlord from commencing summary proceedings under the law should you fail to pay as demanded above."

23.    Yet, without some explanation to the consumer as to the relationship between the commencement of summary proceedings and the provisions in the validation notice, it may well appear to the least sophisticated consumer that being taken to court trumps any other out-of-court rights he or she may have pursuant to the FDCPA.

24.    A dunning letter is overshadowed where a debt collector threatens to initiate a lawsuit during the validation period afforded under the FDCPA; especially when such letter does not clarify that commencement of the lawsuit has no effect on the information and rights conveyed in the validation notice.[2]

25.    The validation notice afforded under the FDCPA is entirely defective in this case since the debt collector misrepresented its ability to file suit if it receives a dispute.

26.    In fact, the statement that "However, nothing contained in this paragraph will prevent the undersigned landlord from commencing summary proceedings under the law should you fail to pay as demanded above." is false and deceptive and it misrepresents the consumers 1692g rights since if the consumer disputes the debt or requests the name and address of the original creditor during the thirty-day "validation period," the debt collector cannot commence a lawsuit and in fact must "cease collection of the debt, or any disputed portion thereof" until the debt collector verifies the debt or obtains the name and address of the original creditor and "a copy of such verification . . . or name and address of the original creditor, is mailed to the consumer by the debt collector."

---

[2] *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130 (2d Cir. 2010). (The § 1692g validation notice that the debt collector disclosed in its dunning letter was overshadowed by its lawsuit during the thirty-day validation period of its collection lawsuit since the collector failed to explain or clarify in either the dun or "in a notice provided with the summons and complaint" that "commencement of the lawsuit has no effect on the information conveyed in the validation notice . . .").

27.     The Defendant's verification notice stating "However, nothing contained in this paragraph will prevent the undersigned landlord from commencing summary proceedings under the law should you fail to pay as demanded above" suggests to the unsophisticated consumer that a lawsuit was going to proceed without delay whether the consumer disputed the debt or not.

28.     Such language overshadowed the verification notice in violation of § 1692g, as the other affirmative statements in the text of the letter—to the effect that the writer was not inclined to use further resources attempting to collect this debt before commencing a summary proceeding and was going to file suit—reinforced this reading.[3]

### *Damages*

29.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

30.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

31.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

32.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

33.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[3] *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 105 (1st Cir. 2014). (The law firm's verification notice stating "we further inform you that despite the fact that you have a thirty (30) day period to dispute the debt may not preclude [sic] the filing of legal action against you prior to the expiration of the period" would suggest to the unsophisticated consumer that a lawsuit was going to proceed without delay whether the consumer disputed the debt or not.")

34.    Defendant's communications were designed to cause the debtor to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

35.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts

and of their rights, the act enables them to understand, make informed decisions about, and

participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to

provide information that helps consumers to choose intelligently. The Defendant's false

representations misled the Plaintiff in a manner that deprived him of his right to enjoy these

benefits, these materially misleading statements trigger liability under section 1692e of the Act.

36.    These deceptive communications additionally violated the FDCPA since they

frustrate the consumer's ability to intelligently choose his or her response.

37.    As an actual and proximate result of the acts and omissions of Nissan Shapiro

Law P.C., Plaintiff has suffered including but not limited to, fear, stress, mental anguish,

emotional stress and acute embarrassment for which he should be compensated in an amount to

be established by a jury at trial.

## CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself*

*and the members of a class, as against the Defendant.*

38.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one

(1) through thirty-seven (37) as if set forth fully in this cause of action.

39.    This cause of action is brought on behalf of Plaintiff and the members of two

classes.

40.    The first class consists of all persons whom Defendant's records reflect resided in

the State of New York and who were sent a "Three Day Notice" in substantially the same form

as the one sent to the Plaintiff on or about October 10, 2018; (a) threatening eviction in the event

of non-payment, and threatening summary proceedings; and (b) the Plaintiff asserts that the

notice contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), (B), 1692e(5), (10), 1692f and

(1) for demanding legal fees without basis and prior to obtaining any lease from its client.

      41.    The second class consists of all persons whom Defendant's records reflect resided

in the State of New York and who were sent a "Three Day Notice" in substantially the same

form as the one sent to the Plaintiff on or about October 10, 2018; (a) threatening eviction in the

event of non-payment, and threatening summary proceedings; and (b) the Plaintiff asserts that

the notice violated 15 U.S.C. § 1692g as it overshadowed the validation notice as it threatened to

initiate a lawsuit during the validation period, without clarifying that commencement of the

lawsuit has no effect on the information conveyed in the validation notice.

      42.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

    A.  Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.  The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

46.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-five (45) as if set forth fully in this cause of action.

47.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

    D.  Plaintiff requests trial by jury on all issues so triable.

Dated: Brooklyn, New York
       October 10, 2019

Respectfully submitted,

Law Offices of Lawrence Katz

/s/      Lawernce Katz
By:    Lawernce Katz

70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
Tel: (516) 374-2118

Attorneys for Plaintiff

Page 9