LAW OFFICES OF
LAWRENCE KATZ

488 Empire Boulevard
SUITE 101
Brooklyn, NEW YORK 11225

lkatz@lawkatz.com

| TELEPHONE | FAX |
|---|---|
| (516) 374-2118 | (516) 544-8878 |

Honorable Judge Hector Gonzalez, USDJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

June 22, 2022

**Re: *Levi Huebner v. Nissan Shapiro Law PC*, Case No: 19-cv-05747-HG-PK**

Honorable Judge Gonzalez:

**P**ursuant to Your Honor's electronic order dated June 14, 2022, Plaintiff articulates the basis for Plaintiff's "concrete harm" and with specificity to the amount of damages attributable to such concrete harm and Plaintiff's injury as it relates to standing.

The Supreme Court has recognized that "[v]arious intangible harms can . . . be concrete," including "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021). "In determining whether an intangible harm constitutes injury in fact, . . . it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo, Inc. v. Robins*, 578 U.S. at 341.

This case involves a "3-Day Notice" [ECF 1-1], sent by an attorney and debt collector, as part of a process required to be undertaken by a landlord, seeking to evict a tenant. The allegations essentially are that the 3-Day Notice threatens an unlawful eviction if monies that are not lawfully owed are not immediately paid. Further, the complaint alleges that the language contained within the letter obscures the notice requirement which gives the tenant the ability to stay, the very litigation threatened, by a written dispute of the debt.

This is just the type of case that is unfortunately brought in Landlord/Tenant courts in this city and through out the country every day, and therefore has *a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts*. Courts in the post *Ramirez* world have found standing in similar circumstances.

One court stated as follows:

> Because misleading collection letters infringe upon on the substantive right granted by the FDCPA to be free from receiving allegedly false or deceptive information relating to the collection of a debt, there is indeed an allegation here of an injury-in-fact. While the merits of this claim require further analysis, Plaintiff has alleged this Letter risks a harm that is sufficiently concrete to confer Article III standing.

*Ozturk v. AmSher Collection Servs.*, Civil Action 21-18317 (D. N.J. 2022).

Another court found that there was particularized concrete harm for the charging of an unlawful inspection fee as courts have long held fraudulent misrepresentation and conversion establish standing. *Parker v. Goldman Sachs Mortg. Co. Partnership & Newrez* LLC, GJH-20-3581 (D. Md. 2022).

There are numerous cases where standing has been found in FDCPA cases. See, e.g., *Rock v. Greenspoon Marder, LLP,* No. 09-3522, 2021 WL 248859, at *4 (D.N.J. Jan. 26, 2021) (Plaintiff's allegation that various components of debt collection letter were misleading amounted to concrete harm); *Rhee v. Client Servs., Inc*., No. 19-12253, 2020 WL 4188161, at *4 (D.N.J. July 21, 2020) (plaintiff's allegations of a false and misleading letter even without pleading actual confusion sufficient to confer standing); *Hovermale v. Immediate Credit Recovery, Inc*., No. 15-5646, 2018 WL 6322614, at *3 (D.N.J. Dec. 4, 2018) ("right to receive accurate and non-misleading information" under FDCPA is substantive right conferring standing); *Napolitano*, 2017 WL 3535025, at *6 (collecting cases in which allegations of FDCPA informational injury confers standing).

While standing is always an issue for the court to consider, in this case the interjection of *Ramirez* 141 S. Ct. 2190, is somewhat misplaced as this Plaintiff's lawsuit arises from a contractual relationship, and is not simply in the nature of a tort.

Regarding the injury-in-fact requirement, we have noted that when a plaintiff brings a private contract claim, whether the plaintiff suffered an injury under Article III "does not depend on [an] allegation of financial loss." *See Springer v. Cleveland Clinic Emp. Health Plan Total Care ,* 900 F.3d 284, 287 (6th Cir. 2018). And "[i]n determining whether an intangible harm constitutes injury in fact, ... it is instructive to consider whether [the harm] has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo, Inc. v. Robins* , 578 U.S. 330, 340–41, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016). At least some common-law courts appear to have addressed the merits of breach-of-contract claims in the absence of losses or harms beyond the breach itself. See, e.g. , Wilcox v. Plummer's Ex'rs , 29 U.S. 172, 4 Pet. 172, 182, 7 L.Ed. 821 (1830). *Glennborough Homeowners Ass'n v. U.S. Postal Serv*., 21 F.4th 410 (6th Cir. 2021).

Although nominal damages are consistent with the Court's standing, *Uzuegbunam v. Preczewski* 141 S. Ct. 792 (2021), here in addition to the statutory damages, Plaintiff has further

actual damages in the form of attorney fees for the actual legal consultation and work performed by other counsel, prior to the commencement of this action, as a result of receiving the 3-Day Notice which required legal services to be retained by Plaintiff. To the extent that the complaint has any deficiencies as to facial standing, Plaintiff would move to amend the complaint.

      In this case the Plaintiff has standing and the court has jurisdiction over this matter.

      Respectfully submitted,

      / s / Lawrence Katz

      Lawrence Katz